# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-50742
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ZENON ARMANDO YERO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-112-ALL

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Zenon Armando Yero appeals his sentence following his guilty plea conviction for importation of a quantity of marijuana and possession with intent to distribute a quantity of marijuana. He argues that the district court clearly erred in denying him a minor-role adjustment under U.S.S.G. § 3B1.2(b). Yero contends that he was a mere courier who was substantially less culpable than other participants in the offense. Yero further contends that the district court incorrectly applied the Sentencing Guidelines due to the denial of the minor-role

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment and, as a result, his sentence is not entitled to a presumption of reasonableness.

Whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Pursuant to § 3B1.2(b), a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant. An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5).

Yero has not shown that the district court clearly erred in denying the minor-role adjustment because courier status does not automatically entitle Yero to minor participant status. See United States v. Brown, 54 F.3d 234, 241 & n.7 (5th Cir. 1995). Yero's role of transporting drugs was important to the success of the drug venture. See United States v. Buenrosto, 868 F.2d 135, 138 (5th Cir. 1989) ("[C]ouriers are an indispensible part of drug dealing networks.") Accordingly, the district court did not clearly err in denying Yero a minor-role adjustment, and his within-guidelines sentence was not an abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007); Buenrosto, 868 F.2d at 138.

AFFIRMED.